Eugene Kim, SBN: 221753
Email: eugene.kim@streamkim.com
**STREAM KIM HICKS WRAGE & ALFARO, PC**
3403 Tenth Street, Suite 700
Riverside, CA 92501
Telephone: (951) 783-9470
Facsimile: (951) 783-9475

*Attorneys for Applicant*
*HYBE Co., Ltd.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re Ex Parte* Application of HYBE Co., Ltd., <br><br>  Applicant. | CASE NO. 3:24-mc-80175 <br><br> ***APPLICANT'S EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN A FOREIGN CIVIL PROCEEDING; AND MEMORANDUM OF POINTS AND AUTHORITIES*** |

***EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

Pursuant to 28 U.S.C. Section 1782, Applicant HYBE Co., Ltd. ("**Applicant**") hereby moves *ex parte* for an order authorizing limited discovery for use in a civil matter in the Republic of Korea ("**Application**"). As set forth in the proposed subpoena, the Applicant seeks limited discovery from X Corp., which is an entity located in this district.

United States district courts, including this district, have commonly decided Section 1782 applications on an *ex parte* basis because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co. KG v. Apple Inc.*, 61 F.Supp.3d 919, 922 (N.D. Cal. 2014) (citation omitted); *see also In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

1

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

F.2d 1216, 1219 (9th Cir. 1976) (In discussing Section 1782, the court noted that "Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte"); Frischknecht and Lindsey, *Evidence gathering in aid of foreign proceedings in the US and England,* International Bar Association, August 4, 2021 at https://www.ibanet.org/evidence-gathered-foreign-proceedings-US-England (last visited July 10, 2024). For the reasons stated herein, the Applicant respectfully request this Court decide this Application on an *ex parte* basis.

      This Section 1782 request is supported by the accompanying memorandum of points and authorities, proposed subpoena, exhibits and the Declarations of Mun Hui Kim and Gwang Su Choi, all of which are filed concurrently herewith.

Dated: July 11, 2024          STREAM KIM HICKS WRAGE & ALFARO, PC.

/s/ *Eugene Kim*
Eugene Kim

*Attorneys for Applicant*
*HYBE Co., Ltd.*

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

2

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................6

II.   FACTUAL BACKGROUND ...............................................................................6

    A.   Civil Matter in the Republic of Korea .......................................................6

    B.   Applicant Previously Filed an Ex Parte Application Under § 1782 Based on Criminal Complaint, Which Was Denied. ...........................................8

    C.   Applicant Seeks Limited Discovery From X Corp. For a Civil Case. ......8

III.  JURISDICTION AND VENUE ..........................................................................9

IV.   LEGAL STANDARD ..........................................................................................9

V.    ARGUMENT .....................................................................................................10

    A.   This Application Meets All of the Statutory Requirements of Section 1782 ........10

    B.   Each of the *Intel* Discretionary Factors Weigh in Favor of Granting this Application ............................................................................................11

        1.   X Corp. is a Nonparticipant in the Korean Civil Matter ..............11

        2.   Korean Tribunals are receptive to U.S. judicial assistance .........11

        3.   The Applicant is not seeking to circumvent any restrictions or policies on proof gathering ...........................................................12

            a.   The Applicant is Seeking PII to Proceed with the Civil Matter ...............................................................................13

            b.   The First Amendment Does Not Apply ...........................13

        4.   The Applicant's request is not unduly intrusive or burdensome ...............15

VI.   CONCLUSION ..................................................................................................16

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

# TABLE OF AUTHORITIES

**Cases**

*Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108 (9th Cir. 2015) .............................. 10

*Hey, Inc. v. Twitter, Inc.*, No. 22-mc-80034-DMR, 2022 WL 1157490 (N.D. Cal. Apr. 19, 2022) ................................................................................................................................... 10

*Hey, Inc. v. Twitter, Inc.*, No. 22-mc-80035-DMR, 2023 WL 3874022 (N.D. Cal. June 6, 2023) ................................................................................................................................... 13

*In re Bleach, Inc.*, No. 5:24-mc-80021-PCP, 2024 WL 1898450 (N.D. Cal., Apr. 30, 2024) ................................................................................................................................... 15

*In re Ex Parte Application of Akiko Isogai*, Case No. 22-mc-80327 SVK, 2023 WL 3035418 (N.D. Cal. Jan. 20, 2023) ............................................................................................ 15

*In re Ex Parte Application of Qualcomm Inc.*, 162 F.Supp.3d 1029 (N.D. Cal. 2016) ................ 14

*In re Ex Parte Application of Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568 (N.D. Cal. Mar. 24, 2016) ................................................................................ 11, 12

*In re Frontier Co., Ltd.*, No. 19-mc-80184-LB, 2019 WL 3345348 (N.D. Cal. Jul. 25, 2019) ................................................................................................................................... 15

*In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994 (N.D. Cal. Dec. 15, 2014) ....... 12

*In re Med. Corp. H&S*, No. 19-MC-80058-VKD, 2019 WL 1230440 (N.D. Cal. Mar. 15, 2019) ................................................................................................................................... 15

*In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072 (N.D. Cal. Aug. 10, 2021) ................................................................................................................................ 15

*In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557 (9th Cir. 2011) ..................................................................................................................................... 9

*In re Request for Int'l Judicial Assistance from the Nat'l Court Admin. of the Republic of Korea*, No. C15-80069 MISC LB, 2015 WL 1064790 (N.D. Cal. Mar. 11, 2015) .......... 11

*In re Request for Jud. Assistance from Seoul Cent. Dist. Ct.,* No. 23-mc-80016-BLF, 2023 WL 2394545 (N.D. Cal. Mar. 7, 2023) ..................................................................... 10, 11, 15

*In re Request for Judicial Assistance from Seoul Dist. Criminal Court, Seoul, Korea*, 428 F.Supp. 109 (N.D. Cal. 1977) ............................................................................................. 11

*In re Starship Entm't Co., Ltd.*, No. 23-mc-80147-BLF, 2023 WL 3668531 (N.D. Cal. May 24, 2023) ..................................................................................................................... 12

*In re Tagami*, No. 21-mc-80153-JCS, 2021 WL 5322711 (N.D. Cal. Nov. 16, 2021) ................ 14

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) ..................................... passim

*Khrapunov v. Prosyankin*, 931 F.3d 922 (9th Cir. 2019) .............................................................. 9

4

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

*Milkovich v. Lorain Journal*, 497 U.S. 1 (1990) .................................................................. 14

*Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd.*, Case No. 12-cv-80242 EJD, 2013 WL 256771 (N.D. Cal. Jan. 23, 2013) ................................................................. 15

*Palantir Techs., Inc. v. Abramowitz*, 415 F.Supp.3d 907 (N.D. Cal. 2019) ................................ 12

*Takagi v. Twitter, Inc.*, No. 22-mc-80240-VKD, 2023 WL 1442893 (N.D. Cal. Feb. 1, 2023) ................................................................................................................................. 13

*United States v. Google LLC*, —— F. Supp. 3d ——, 2023 WL 5725518 (N.D. Cal. Sept. 5, 2023) ........................................................................................................... 13, 14, 15

*Zuru, Inc. v. Glassdoor, Inc.*, 614 F.Supp.3d 697 (N.D. Cal. 2022) ............................................ 14

**Statutes**

18 U.S.C. § 2701 .................................................................................................................... 15

28 U.S.C. § 1331 ...................................................................................................................... 8

28 U.S.C. § 1391 ...................................................................................................................... 9

28 U.S.C. § 1782 ............................................................................................................. *passim*

5

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

The Applicant, a multinational entertainment company with a focus on managing and training K-pop artists, has come under attack by an anonymous individual ("**X User**") posting false, defamatory and harassing statements on the X platform (formerly known as Twitter) about the Applicant. To address these attacks on the X platform, the Applicant filed a civil lawsuit in the Republic of Korea ("**Korea**"). Unfortunately, without the X User's personally identifiable information ("**PII**"), the civil court case cannot proceed.

To date, the Applicant's attempts to locate the identity of this anonymous person(s) through publicly available information have been unsuccessful. Choi Decl. ¶ 10. As a result, the Applicant now seeks the assistance of this Court.

As set forth below, the Applicant satisfies all the statutory requirements under Section 1782, and the discretionary factors weigh in favor of the Court exercising its discretion to grant this Application. Moreover, this Application does not prevent X Corp. from objecting or moving to quash the requests made in the proposed subpoena, which is attached as **Exhibit A**.

## II. FACTUAL BACKGROUND

**A. Civil Matter in the Republic of Korea**

HYBE Co., Ltd. ("**HYBE**") is a multinational entertainment company established in February 2005 under the laws of Korea and its principal place of business is in Seoul, Korea. Choi Decl. ¶ 3. HYBE is engaged in the entertainment business with a focus on managing and training K-pop singers, operating a record label, a talent agency, a music production company, an event and concert management company, and a music publishing house. *Id*. at ¶ 4. HYBE's subsidiaries include BIGHIT MUSIC Co., Ltd. ("**BIGHIT MUSIC**") (formerly Big Hit Entertainment from 2005 to March 2021). *Id*.

An unidentified person(s) using the X handle[1] "@guiltyarchive" published a number of posts about HYBE on the X platform ("**X posts**") on April 28, 2024. *Id*. ¶ 6, Ex. 1. The X account is active as of July 10, 2024. *Id*. ¶ 6.

---

[1] An X handle is the username that appears at the end of the user's unique X URL.

6

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

The X posts contain false, defamatory and harassing statements about the Applicant. *Id.* ¶ 7. These include but are not limited to the following:

1. "Hella scary story about HYBE / The name of GFriend[2] album = Walpurgis Night / Walpurgis night = day of burning witches / GFriend disbandment date May 1 / LE SSERAFIM debut May 2 / Witches were burnt (disbanded) and the next day sserafim (angel) debuted – there is a year gap but just for ease of understanding" (English translation). *Id.* ¶ 7(a).

2. "I'm a reasonable person so if it was a total nonsense, I wouldn't have even posted it / [BTS] did their debut showcase in Ilchi Art Hall / 'Ilchi' in Inchi Art Hall is related to DahnWorld[3] founder" (English translation). *Id.* ¶ 7(b).

These X posts do not currently appear online because the X User appears to have removed them. *Id.* ¶ 7. Unfortunately, the Applicant cannot prevent the X User from posting the same comments again, as the X account is still active and the Applicant does not know the X User's identity.

The X User's posts contain numerous false, defamatory and/or harassing statements about the Applicant, all of which have inflicted significant reputational harm to Applicant and constitute torts under Korean civil law. *Id.* ¶¶ 7, 8, 12; Kim Decl. ¶¶ 5-6. Many of the HYBE artists' fans are frustrated and upset because they believe these false statements are true. A number of these fans sent complaint letters and messages to HYBE asking for an explanation and demanding HYBE to stop forcing religious beliefs on its artists. For example, on May 1 and May 2, 2024, BTS[4] fans staged a demonstration and placed around 30 condolence wreaths in front of HYBE headquarters carrying messages such as "Amid endless owner risks, we hope BTS will part ways with HYBE" (English translation). Choi Decl. ¶ 9.

The X User published the posts in Korean and used Korean language words and expressions that appear to indicate he or she is a native Korean speaker located in Korea, as opposed to a non-Korean citizen residing outside of Korea. Choi Decl. ¶ 11; Kim Decl. ¶ 4.

---

[2] A female K-pop group established by SOURCE MUSIC, which was acquired by HYBE. The group disbanded in 2021.
[3] A meditation entity in Seoul, Korea that is also rumored to be a religious cult. There were false rumors that HYBE had ties with DahnWorld. Both entities officially denied such rumors. Choi Decl., fn. 6.
[4] A boy band established by HYBE.

7

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

On July 9, 2024, the Applicant filed a civil lawsuit in Korea against the X User under Korean civil law ("**Civil Matter**"). The Applicant claimed defamation pursuant to Articles 750 and 751 of the Civil Act of Korea. Choi Decl. ¶ 12; Kim Decl. ¶¶ 5-6.

### B. Applicant Previously Filed an Ex Parte Application Under § 1782 Based on Criminal Complaint, Which Was Denied.

On May 14, 2024, Applicant previously filed an Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 Authorizing Discovery For Use in a Foreign Proceeding, Case No. 3-24-mc-80117 ("first Ex Parte Application"). The first Ex Parte Application was based on a *criminal* complaint that Applicant lodged with the Seoul Yongsan Police Station whereas this Ex Parte Application is based on a *civil* complaint that Applicant filed in Korea. On June 28, 2024, the Court denied the first Ex Parte Application because the Court had concerns about the application of § 1782 in a criminal context.

This Ex Parte Application is distinguishable from the first Ex Parte Application because this Ex Parte Application is based on a civil lawsuit in Korea. The Court in the first Ex Parte Application held that the criminal authorities in Korea should pursue the identity of the anonymous user through the Treaty of Mutual Legal Assistance in Criminal Matters ("MLAT"). However, MLAT is inapplicable here because this Ex Parte Application is based on a civil lawsuit.

### C. Applicant Seeks Limited Discovery From X Corp. For a Civil Case.

X Corp. is an American multinational company with its principal place of business located at 1355 Market Street, Suite 900, San Francisco, California 94103. Kim Decl. ¶ 8, Ex. 1. X Corp. owns and operates X (formerly Twitter), which is one of the world's largest social media platforms where users can post messages, upload images and videos, and share comments.[5] To post on the X platform, users need to log into their X account after they initially

///

---

[5] *See* Fed. R. Evid. 201(b) (the information provided about X Corp. and the X platform (formerly known as Twitter) are generally known within the court's jurisdiction, or can be accurately and readily verified from the sources noted below whose accuracy cannot be reasonably questioned); Wikipedia, the Free Encyclopedia, X Corp., at https://en.wikipedia.org/wiki/Twitter (last visited July 10, 2024).

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

create an X handle.[6]

Without knowing the real identity of the X User, the Applicant is unable to serve the civil complaint on the X User and thus cannot proceed with the Civil Matter. Choi Decl. ¶ 13; Kim Decl. ¶ 7. The subpoena is narrowly tailored to seek documents from X Corp. that will reveal the X User's identity through his or her PII in the subject X account. Kim Decl. ¶¶ 7, 13.

### III.   JURISDICTION AND VENUE

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this Application is made under 28 U.S.C. § 1782(a). Venue in this district is proper under 28 U.S.C. § 1391 and 28 U.S.C. § 1782(a) because the party from whom discovery is sought "resides or is found" in this district, as discussed herein.

### IV.   LEGAL STANDARD

This Court is authorized to grant a Section 1782 application "where three general requirements are satisfied: (1) the person(s) from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019); *see also* 28 U.S.C. § 1782(a).

In *Intel Corp. v. Advanced Micro Devices, Inc.*, the Supreme Court identified four factors that district courts should consider when exercising their discretion to grant Section 1782 discovery applications:

> [1] whether "the person from whom discovery is sought is a participant in the foreign proceeding"; [2] "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; [3] whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and [4] whether the request is "unduly intrusive or burdensome."

*In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).

---

[6] X Help Center, *Signing up with X* available at https://help.twitter.com/en/using-x/create-x-account (last visited July 10, 2024).

9

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

In exercising this discretion, district courts consider the twin aims of the statute: "providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our [U.S.] courts." *Intel*, 542 U.S. at 252. "Section 1782 is a provision for assistance to tribunals abroad. It does not direct United States courts to engage in comparative analysis to determine whether analogous proceedings exist [in the U.S.]." *Id.* at 263.

## V.    ARGUMENT

### A. This Application Meets All of the Statutory Requirements of Section 1782

As set forth herein, this Application meets the requirements of Section 1782.

First, X Corp. "resides" or "is found" in this district within the meaning of Section 1782, because its principal place of business is San Francisco, California, which is located in this judicial district. Kim Decl. ¶ 8, Ex. 1; *see also Hey, Inc. v. Twitter, Inc.*, No. 22-mc-80034-DMR, 2022 WL 1157490, at *3 (N.D. Cal. Apr. 19, 2022) ("Twitter's headquarters are in San Francisco, California, which is in this district.").

Second, the Applicant seeks discovery to proceed with the Civil Matter in Korea. Kim Decl. ¶¶ 7, 13. A proceeding in the foreign jurisdiction need only be "within reasonable contemplation," rather than be "pending" or "imminent," to satisfy this second statutory requirement. *Intel*, 542 U.S. at 259. Here, the Applicant has brought a civil action against the X User in Korea and is seeking the X User's identity to proceed with the Civil Matter. Kim Decl. ¶¶ 7, 13; *see also In re Request for Jud. Assistance from Seoul Cent. Dist. Ct.,* No. 23-mc-80016-BLF, 2023 WL 2394545, at *3 (N.D. Cal. Mar. 7, 2023) (finding the second statutory factor met where discovery was sought for use in "a civil proceeding in a foreign tribunal—the Seoul Central District Court").

Third, the Applicant brought the Civil Matter because the anonymous X User committed acts against them that constitute violations of civil law. Kim Decl. ¶¶ 5-6. Thus, the Applicant satisfies the third statutory requirement of being an "interested person." *Intel*, 542 U.S. at 256-57 ("No doubt litigants are included among, and may be the most common example of, the 'interested person' who may invoke [Section] 1782"); *see also Akebia Therapeutics, Inc. v.*

10

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

*FibroGen, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015) (an "interested person" includes "litigants before foreign or international tribunals … as well as any other person whether he [or she] be designated by foreign law or international convention or merely possess a reasonable interest in obtaining [judicial] assistance.").

### B. Each of the *Intel* Discretionary Factors Weigh in Favor of Granting this Application

The discretionary factors identified by the Supreme Court in *Intel* weigh heavily in favor of this Court granting this Application.

#### 1. X Corp. is a Nonparticipant in the Korean Civil Matter

The first factor is whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. The Supreme Court recognized that the district courts' assistance is needed the most when the evidence is sought from a non-participant in a foreign proceeding. *Id*. "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id*.

X Corp. is not named as a party in the Korean Civil Matter. Kim Decl. ¶ 8. Since X Corp. and the requested documents are located in this district, which is outside the Korean courts' jurisdictional reach over nonparticipants, evidence available from X Corp. through a United States federal court proceeding is unobtainable by the Applicant in Korea absent Section 1782(a). *Id*. ¶ 8; Ex. 1; *see Intel*, 542 U.S. at 264. Accordingly, this first factor weighs heavily in favor of granting this Application.

#### 2. Korean Tribunals are receptive to U.S. judicial assistance

Next, the Supreme Court requires this Court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Ex Parte Application of Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016). There is a long history of Korean tribunals requesting and receiving U.S. judicial assistance under Section 1782. *See In re Request*

11

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

*for Judicial Assistance from Seoul Dist. Criminal Court, Seoul, Korea*, 428 F.Supp. 109, 114 (N.D. Cal. 1977) (granting Seoul District Criminal Court's request for bank records); *In re Request for Int'l Judicial Assistance from the Nat'l Court Admin. of the Republic of Korea*, No. C15-80069 MISC LB, 2015 WL 1064790, at *1-2 (N.D. Cal. Mar. 11, 2015) (granting Korean National Court Administration's request for information and documents from Google, Inc.); *In re Request for Jud. Assistance from Seoul Cent. Dist. Ct.,* No. 23-mc-80016-BLF, 2023 WL 2394545, at *1 (N.D. Cal. Mar. 7, 2023) (granting Seoul Central District Court's request seeking information to identify four anonymous Instagram users who defamed or insulted a plaintiff in a Korean civil proceeding).

Additionally, in "the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of Section 1782," courts tend to "err on the side of permitting discovery." *See In re Ex Parte Application of Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016); *see also Palantir Techs., Inc. v. Abramowitz*, 415 F.Supp.3d 907, 915 (N.D. Cal. 2019) (citation omitted). In other words, discovery is favored unless there is clear evidence that the foreign tribunal would reject the evidence sought.

Here, the Korean courts are receptive to the U.S. federal court's assistance in discovery matters, including through Section 1782 requests for information to identify persons who anonymously publish statements on social media platforms. Kim Decl. ¶ 9. By contrast, there are no Korean laws or policies that limit or otherwise prevent the U.S. federal courts from assisting the Applicant obtain discovery in order to identify the X User in the manner proposed in this Application. *Id*. ¶¶ 10-11. As stated above, Korean courts have a history of seeking judicial assistance from federal courts and courts in this district have in the past granted Section 1782 discovery for use in Korean court proceedings. For the foregoing reasons, this second factor weighs heavily in favor of granting this Application.

**3. The Applicant is not seeking to circumvent any restrictions or policies on proof gathering**

The third factor directs the court to consider "whether the [Section] 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a

12

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

foreign country or the United States." *Intel*, 542 U.S. at 265. As a court in this district previously held, "[t]his factor will weigh in favor of discovery if there is 'nothing to suggest that [the applicant] is attempting to circumvent foreign proof gathering restrictions.'" *In re Starship Entm't Co., Ltd.*, No. 23-mc-80147-BLF, 2023 WL 3668531, at *3 (N.D. Cal. May 24, 2023) (quoting *In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014)).

### a. The Applicant is Seeking PII to Proceed with the Civil Matter

In Korea, the civil courts conduct service of process on defendants based on the information provided by plaintiffs. Kim Decl. ¶ 7. Here, the Applicant is not attempting to circumvent any "foreign proof-gathering restrictions" or "other policies" of Korea or the United States. Kim Decl. ¶ 12. In fact, the opposite is true. This Section 1782 Application is the only way for the Applicant to obtain the X User's information. *Id.* ¶¶ 7, 13; Choi Decl. ¶ 10. The Applicant's Korean counsel confirms this information is needed to pursue the Civil Matter in Korea and anticipates that the requested PII will be admissible in the Korean court. Kim Decl. ¶¶ 7, 12-13.

### b. The First Amendment Does Not Apply

In *United States v. Google LLC*, —— F. Supp. 3d ——, 2023 WL 5725518, at *1-2 (N.D. Cal. Sept. 5, 2023), a court in this district analyzed the issue of the First Amendment in the context of a Section 1782 request seeking an anonymous individual's PII ("Name, Gender, Phone Number, Date of Birth, etc.") from Google related to a South Korean civil action.

First, the court recognized that "Foreign citizens who are outside United States territory . . . do not possess any rights under the United States Constitution." *United States v. Google LLC*, 2023 WL 5725518, at *12 (citations omitted).

Second, "[t]he court f[oun]d persuasive several recent opinions concluding that . . . U.S. free-speech principles should not be determinative factors" in evaluating the third discretionary factor "where the evidence does not indicate that the anonymous speakers are entitled to First Amendment protections." *Id.* at *12-13 (citing *Hey, Inc. v. Twitter, Inc.*, No. 22-mc-80035-DMR, 2023 WL 3874022, at *7-8 (N.D. Cal. June 6, 2023) (holding the third discretionary

13
*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

factor did not weigh against granting § 1782 application seeking the identity of anonymous speaker, where there was no evidence indicating that the speaker was entitled to First Amendment protections); *Takagi v. Twitter, Inc*., No. 22-mc-80240-VKD, 2023 WL 1442893, at *7 (N.D. Cal. Feb. 1, 2023) (rejecting assertion that a subpoena seeking identity of anonymous speaker circumvented the U.S.' "pro-free speech policy," because "First Amendment protections do not apply to non-citizens outside the territory of the United States"); *Zuru, Inc. v. Glassdoor, Inc*., 614 F.Supp.3d 697, 707 (N.D. Cal. 2022) ("Although the United States may have a pro-free-speech policy, . . . it doesn't reflect a U.S. policy of protecting free speech around the world.")).

As set forth in the declarations supporting this Application, the words and phrases used by the X User in the original Korean language posts indicate that the X User is highly likely to be a native Korean speaker and reside in Korea. Choi Decl. ¶ 11; Kim Decl. ¶ 4. Moreover, there is nothing to indicate that the statements were made by a U.S. citizen. Choi Decl. ¶ 11; Kim Decl. ¶ 4.

Third, the court noted that the applicant alleged that the anonymous individual knowingly made false statements about the applicant, which if taken as true "likely would not be protected by the First Amendment even in the United States." *United States v. Google LLC*, 2023 WL 5725518, at *13 (citing *In re Tagami*, No. 21-mc-80153-JCS, 2021 WL 5322711, at *3 n.1 (N.D. Cal. Nov. 16, 2021); *see Milkovich v. Lorain Journal*, 497 U.S. 1, 22 (1990) (discussing the necessary balance between ensuring "First Amendment protection for defendants in defamation actions" and recognizing society's "pervasive and strong interest in preventing and redressing attacks upon reputation")). Here, the Applicant alleges defamation, harassment and false statements. Choi Decl. ¶ 12; Kim Decl. ¶¶ 5-6.

For the foregoing reasons, the third factor weighs heavily in favor of granting this Application.

///

///

///

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

14

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

**4. The Applicant's request is not unduly intrusive or burdensome**

The last factor is whether the discovery requested is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. The Supreme Court noted that requests that are too burdensome *in part* may be "trimmed" so that the requests can be partially authorized. *Id.*

While requests that seek confidential information or are broad "fishing expedition" for irrelevant information may be unduly intrusive or burdensome, *In re Ex Parte Application of Qualcomm Inc.*, 162 F.Supp.3d 1029, 1043 (N.D. Cal. 2016), the Applicant's requests are narrow in scope and number. The Applicant's proposed subpoena is limited to requests for documents about the X User(s)' name(s), date(s) of birth, gender(s), phone number(s), and address(es), which the Applicant need to proceed with the Civil Matter and which X Corp. maintains in the regular course of business. *See* Ex. A; Kim Decl. ¶ 13; *see also United States v. Google LLC*, 2023 WL 5725518, at *15; *In re Frontier Co., Ltd.*, No. 19-mc-80184-LB, 2019 WL 3345348, at *5 (N.D. Cal. Jul. 25, 2019) (name, address, email, phone number, and name on credit cards, etc.); *In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072, at *4-5 (N.D. Cal. Aug. 10, 2021) (granting discovery from Google under Section 1782); *In re Request for Jud. Assistance from Seoul Cent. Dist. Ct.*, No. 23-mc-80016-BLF, 2023 WL 2394545, at *4 (N.D. Cal. Mar. 7, 2023) (allowing discovery of information from Meta regarding the names, dates of birth, email addresses, cell phone numbers, and IP addresses associated with specific user accounts where the request was "narrowly tailored to seeking the information that is necessary to identify the identity of the putative defendants"); *In re Bleach, Inc.*, No. 5:24-mc-80021-PCP, 2024 WL 1898450, at *2 (N.D. Cal., Apr. 30, 2024) (authorizing service of a subpoena on X Corp. for an anonymous X user's "basic identifying information").

Additionally, judges in this district have previously recognized that a subpoena that does not seek the content of any communications associated with an account at issue does not violate the Stored Communications Act. *See, e.g., Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd.*, Case No. 12-cv-80242 EJD, 2013 WL 256771, at *2 (N.D. Cal. Jan. 23, 2013) (discussing prohibitions of the Stored Communications Act, 18 U.S.C. § 2701 et seq.); *In re Ex Parte Application of Akiko Isogai*, Case No. 22-mc-80327 SVK, 2023 WL 3035418, at *3 (N.D. Cal.

15

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Jan. 20, 2023) ("the subpoena seeks only the names and addresses of the person(s) whose credit card is associated with the Google accounts and does not seek disclosure of credit card numbers or any other sensitive information."); *In re Med. Corp. H&S*, No. 19-MC-80058-VKD, 2019 WL 1230440, at *4 (N.D. Cal. Mar. 15, 2019) (limiting a subpoena for account-user credit card information to the name and address). Here, the proposed subpoena does not seek the content of any communications, nor does it seek sensitive financial information (e.g., credit card numbers, bank account numbers, or electronic commerce account numbers).

Accordingly, this last factor weighs in favor of the Applicant because its requests for documents are narrow, are not intrusive or burdensome, and X Corp. has a right to object, or seek a protective order.

## VI.   CONCLUSION

For the reasons stated above, the Applicant respectfully requests this Court exercise its discretion under Section 1782 to grant this Application and permit the Applicant to issue the proposed subpoena to X Corp. in aid of the Korean civil proceeding.

Dated: July 11, 2024       STREAM KIM HICKS WRAGE & ALFARO, PC.

/s/ [signature]

Eugene Kim
*Attorneys for Applicant*
*HYBE Co., Ltd.*

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

16

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

**Exhibit A**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| In re Ex Parte Application of HYBE Co., Ltd. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. |
| ) | |
| ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: X Corp.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: By email to: eugene.kim@streamkim.com, or By mail to: Eugene Kim, 3477 McKee Rd #1012 San Jose, CA 95127 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____    _____
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ HYBE Co., Ltd. , who issues or requests this subpoena, are:

Eugene Kim, 3403 Tenth Street, Suite 700, Riverside, CA 92501; eugene.kim@streamkim.com; (951) 783-9470

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

I. **Definitions**

    A. The term "Document" or "Documents" shall mean a writing, as defined in Rule 34(a) of the Federal Rules of Civil Procedure and related Rule 1001 of the Federal Rules of Evidence, and includes the original or a copy of drawings, graphs, charts, photographs, sound recordings, images, other data compilations and electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combination of them.

    B. The term "X Account" means the X Corp. (formerly Twitter) account(s) registered or otherwise linked to the person(s) who created, uses and/or otherwise logs in to the X handle "@guiltyarchive" which is accessible from the URL https://twitter.com/guiltyarchive.

II. **Requests for Production**

1. Documents sufficient to identify the name(s), date(s) of birth, gender(s), phone number(s), and address(es) of the person(s) who created, uses and/or otherwise logs in to the X Account.

2. Documents sufficient to identify the name(s), date(s) of birth, gender(s), phone number(s), and address(es) of the person(s) with credit card(s), bank account(s) and/or other electronic commerce details registered with the X Account.

This request does not seek the actual credit card numbers, bank account numbers or the electronic commerce account numbers or passwords, and it does not seek any financial transaction information.